**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

TONI WILLIAMS and KATHRYN BENT   :
LONGORIA, individually and on behalf of  :
other similarly situated employees,       :
                                      :
            Plaintiffs,             :
v.                                 :  Civil Action No.
                                 :  1:05-CV-1681 TWT
ACCREDITED HOME LENDERS, INC.,    :
d/b/a HOME FUNDS DIRECT,          :
                                        :
            Defendant.          :
                                        :
                                        :
                                        :

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

Plaintiffs, Toni Williams ("Williams") and Kathryn Bent Longoria ("Longoria") (collectively "Plaintiffs"), by counsel, and Defendant, Accredited Home Lenders, Inc. d/b/a Home Funds Direct ("HFD" or "Defendant"), by counsel, file this Joint Preliminary Planning Report and Discovery Plan, pursuant to Local Rule 16.2 (N.D. Ga.).

1. **Description of Case:**

   (a) **Describe briefly the nature of this action.**

   This is a proposed overtime collective action case under 29 U.S.C. § 216(b). Plaintiffs seek damages, on behalf of themselves and other allegedly similarly situated individuals, for alleged violations of the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA"). Defendant denies any liability to Plaintiffs or to any individuals whom Plaintiffs allege to be similarly situated, and denies the existence of anyone similarly situated.

1

**(b)** **Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.**

Defendant employed Plaintiffs as "loan officers." Plaintiffs were categorized as "non-exempt" employees for purposes of the FLSA. Plaintiffs allege that they were required by management to work hours in excess of forty (40) per week without overtime compensation.

**(c)** **The legal issues to be tried are as follows:**

(1) Whether Plaintiffs and all loan officers are "similarly situated" employees for purposes of the collective action provision of the FLSA, 29 U.S.C. § 216(b).

(2) Whether some of the Plaintiffs and their claims are subject to mandatory arbitration.

(3) If Defendant is found to have violated the FLSA, a significant issue will be determining the proper method for calculating Plaintiffs' damages.

(4) If Defendant is found to have violated the FLSA, whether Plaintiffs can meet the burden of proof to show that the violation was willful to apply a three-year rather than two-year statute of limitations period.

(5) If Defendant is found to have violated the FLSA, whether liquidated damages are proper.

**(d)** **The cases listed below (include both style and action number) are:**

**(1)** **Pending Related Cases:**

None.

**(2)** **Previously Adjudicated Related Cases:**

None.

**2.** **This case is complex because it possesses one (1) or more of the features listed below (please check):**

   X   (1)  Unusually large number of parties
       (2)  Unusually large number of claims or defenses
      (3)  Factual issues are exceptionally complex
   X   (4)  Greater than normal volume of evidence
   X  (5)  Extended discovery period is needed
      (6)  Problems locating or preserving evidence
      (7)  Pending parallel investigations or action by government
      (8)  Multiple use of experts
      (9)  Need for discovery outside United States boundaries
    (10)  Existence of highly technical issues and proof

**3.**    **Counsel:**

     **The following individually-named attorneys are hereby designated as lead counsel for the parties:**

Plaintiff:

Paul J. Lukas
NICHOLS KASTER & ANDERSON, PLLP
4644 IDS Center
80 South Eighth Street
Minneapolis, MN  55402

Defendant:

Lisa A. Schreter
LITTLER MENDELSON, P.C.
3348 Peachtree Road, NE, Suite 1100
Atlanta, GA  30326-0330

**4.**    **Jurisdiction:**

     **Is there any question regarding this court's jurisdiction?**

No.

     **If "yes," please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.**

5.      **Parties to This Action:**

(a)      **The following persons are necessary parties who have not been joined:**

**Plaintiffs' Response**

Plaintiffs bring this action on behalf of themselves and "similarly situated employees" pursuant to the FLSA, 29 U.S.C. § 216.  Although § 216 of the Act requires "similarly situated employees" who wish to participate in the action file a written consent form, it does not provide guidance on the procedure for adding additional employees as plaintiffs in the action.   Plaintiffs do not believe that filing a motion to amend to add each plaintiff as a consent form is filed is an efficient or necessary use of the Court's time.   Thus, Plaintiffs propose that the Court order that the filing of the consent form with the Clerk of the Court and service of the consent forms on Defendant will be sufficient to include the opt-in plaintiffs in this action.  Defendant would not waive its right to oppose Plaintiffs' attempt to proceed as a collective action, or to object to the addition of any plaintiffs that it does not believe are "similarly situated," or otherwise a proper party.

Similarly, Defendant is not required to submit an Answer for each opt-in plaintiff, but does reserve the right to file a Motion to Dismiss/Strike with respect to a particular opt-in plaintiff if the circumstances so warrant.

**Defendant's Response**

Defendant maintains that no necessary parties remain to be joined.

(b)      **The following persons are improperly joined as parties:**

Plaintiff maintains that no parties have been improperly joined.

Defendant maintains that Plaintiff Kathryn Bent Longoria has been improperly joined as a plaintiff in this jurisdiction, and that her claims are properly venued in the Southern District of Texas.  Defendant maintains further that any purported "consents" filed within this litigation by individuals "opting in" in advance of a determination by this Court that this action should proceed conditionally as a collective action pursuant to 29 U.S.C. § 216(b) are improper and should be stricken.

**(c)** The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

None.

**(d)** The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

**6.** **Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15. Further instructions regarding amendments are contained in LR 15.

**(a)** List separately any amendments to the pleadings which the parties anticipate will be necessary.

See 5(a).  Otherwise, no amendments to the pleadings are anticipated.

**(b)** Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

**7.** **Filing Times for Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions.  These times are restated below.

All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

**(a)** *Motions to Compel:* before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

**(b)** *Summary Judgment Motions:* within twenty (20) days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

**(c)** *Other Limited Motions:* Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

**(d)** *Motions Objecting to Expert Testimony:* <u>Daubert</u> motions with regard

to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

The parties anticipate that Plaintiffs will file a motion to conditionally certify this case as a collective action pursuant to 29 U.S.C. § 216(b).  The parties jointly request that the Court establish **January 15, 2006**, as the deadline by which such motion shall be filed.

**8.    Initial Disclosures:**

**The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.**

None.

**9.    Request for Scheduling Conference:**

**Does any party request a scheduling conference with the Court?  If so, please state the issues which could be addressed and the position of each party.**

The parties anticipate that Plaintiffs will move the Court to conditionally certify this case as a collective action pursuant to 29 U.S.C. § 216(b).  The parties jointly request that the Court schedule a conference following the resolution of that motion to determine the nature, if any, of additional proceedings or discovery that may be required, in consideration of the Court's order on Plaintiffs' motion.

**10.   Discovery Period:**

**The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.**

**Cases in this court are assigned to one of the following three (3) discovery tracks: (a) zero (0)-months discovery period, (b) four (4)-months discovery period, and (c) eight (8)-months discovery period.  A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.**

**Please state below the subjects on which discovery may be needed:**

Plaintiff anticipates discovery will be needed regarding each Plaintiff's job duties, compensation, and hours worked.  Additional discovery will be necessary regarding Defendant's efforts to comply with the FLSA and the identity of other

loan officers that may be similarly situated.

Defendant anticipates discovery will be needed regarding nature of each Plaintiff's claims.

**If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:**

The parties anticipate that an initial period of discovery will be needed in advance of Plaintiffs' motion to conditionally certify this case as a collective action pursuant to 29 U.S.C. § 216(b). Whether further discovery will be needed will be determined by the Court's determination of Plaintiffs' motion. The parties jointly request that the Court set a scheduling conference following the resolution of Plaintiffs' certification.

**11.  Discovery Limitation:**

**What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed.**

None.

**12.  Other Orders:**

**What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?**

None.

**13.  Settlement Potential:**

**(a)    Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on August 11, 2005, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.**

For plaintiffs:  Lead counsel (signature): _____ s/ Paul Lukas _____

Other participants:

Donald H. Nichols
NICHOLS KASTER & ANDERSON, PLLP
4644 IDS Center
80 South Eighth Street
Minneapolis, MN  55402

For defendant:  Lead counsel (signature): _____ s/ Lisa A. Schreter _____

Other participants:

Andrew J. Voss
LITTLER MENDELSON, P.C.
33 South Sixth Street, Suite 3110
Minneapolis, MN  55402

**(b)    All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:**

(    ) A possibility of settlement before discovery.
(    ) A possibility of settlement after discovery.
(    ) A possibility of settlement, but a conference with the judge is needed.
( X ) No possibility of settlement.

**(c)    Counsel do not intend to hold additional settlement conferences among themselves prior to the close of discovery.**

**(d)    The following specific problems have created a hindrance to settlement of this case.**

None.

**14.    Trial by Magistrate Judge:**

**Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.**

**(a)   The parties (   ) do consent to having this case tried before a magistrate judge of this court.   A completed Consent to Jurisdiction by a United States Magistrate Judge form has not been submitted to the clerk of court.**

**(b)   The parties ( X ) do not consent to having this case tried before a magistrate judge of this court.**

Counsel certifies that this document has been prepared in Times New Roman 14 point font, in compliance with Local Rule 5.1(C) N.D.Ga.

Respectfully submitted this 25th day of August, 2005.

s/ Paul J. Lukas

Paul J. Lukas (MN #22084X)
Donald H. Nichols (MN #78918)
Michele R. Fisher (MN #303069)
Rachhana T. Srey (MN #340133)
NICHOLS KASTER & ANDERSON, PLLP
4600 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Tel: 612-256-3200
Fax: 612-338-4878


Edward D. Buckley (GA #092750)
BUCKLEY & KLEIN, LLP
1180 West Peachtree Street, Suite 1100
Atlanta, GA 30309
Tel: 404-781-1100
Fax: 404-781-1101

ATTORNEYS FOR PLAINTIFFS

s/ Lisa A. Schreter

Lisa A. Schreter (GA #629852)
Jamie E. Kitces (GA #618366)
LITTLER MENDELSON, P.C.
3348 Peachtree Road NE, Suite 1100
Atlanta, GA 30326-1008
Tel: 404-233-0330
Fax: 404-233-2361


Andrew J. Voss (MN #241556)
LITTLER MENDELSON, P.C.
33 South 6th Street, Suite 3110
Minneapolis, MN 55402-3716
Tel: 612-630-1000
Fax: 612-630-9626


ATTORNEYS FOR DEFENDANT

Firmwide:80361113.1 045967.1005

\* \* \* \* \* \* \* \* \* \* \* \*

## SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

_____

_____

IT IS SO ORDERED, this _____ day of _____, 2005.


_____

UNITED STATES DISTRICT JUDGE